# JANUARY, 1905.

### J. P. WATKINS LAND MORTGAGE COMPANY v. H. M. CAMPBELL ET AL.

No. 1388.   Decided January 12, 1905.

**1.—Opinion Evidence—Value of Property.**

Evidence showing no knowledge of the value of property except from answers to inquiries made in the neighborhood held insufficient to qualify a witness to give an opinion on the subject. (Pp. 374, 375.)

**2.—Same—Error.**

Error on the admission of opinion evidence as to value was not harmless when the proof was doubtful as to the value being greater than the contract price, though the judgment recovered on account of such difference was much less than would be warranted by the opinion evidence improperly admitted. (P. 375.)

**3.—Evidence—Value—Circumstances Determining.**

A qualified witness giving his opinion as to value of real estate may properly state also the circumstances affecting it, such as rental value, location, improvements upon and those going on around it, both as supporting the estimate given by the witness, and, in case no marked or salable value could be established, to determine its value by other means than the course of dealings; contemplated improvements by a purchaser could not be made a basis of the witnesses' estimate of value, but the capacity to be rendered more productive of rents by improvements might be. (Pp. 375, 376.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

Campbell and wife sued the mortgage company and recovered judgment. Defendant appealed, and on affirmance obtained writ of error.

*A. C. Mitchell* and *W. P. Finley*, for plaintiff in error.—The rental value of property is irrelevant and immaterial when the issue is the market value of such property, its real or selling price in the market. International & G. N. Ry. Co. v. Searight, 8 Texas Civ. App., 593; Schoolherr v. Hutchins, 1 S. W. Rep., 269; Railway Co. v. Loughbridge, 1 White & W., sec. 1302; Railway Co. v. Buckley, 1 White & W., sec. 687.

. The true test of the value of property is what it will bring in the market. The market value of property at a given time and place may

be proved by evidence of actual sales of like property. Evidence of a single sale is relevant and admissible, but not sufficient alone to establish market value. It is competent, however, to prove what price has been offered for property as tending to show its market value. Same authorities, and also Sloan v. Baird, 162 N. Y., 330; Murray v. Stanton, 99 Mass., 345-348; Sanford v. Peck, 63 Conn., 493; Matter of Cliquot's Champagne, 3 Wall. (U. S.), 114; 19 Am. and Eng. Enc. of Law, 2 ed., 1153; see Abbott's Tr. Ev., sec. 309.

Prospective improvements in the neighborhood, or improvements intended to be made, do not furnish a proper criterion, with respect to market value, upon which to base an opinion with regard thereto. Repairs to be constructed in the future may or may not be done. Same authorities. Also see Schoolherr v. Hutchins, 1 S. W. Rep., 269, 66 Texas, 332; Stafford v. City of Providence, 10 R. I., 567; Lawrence v. Boston, 119 Mass., 126.

An opinion as to market value, resting on hearsay statements not public in their nature, based upon remarks made by other people, is not proper evidence, and should have been excluded from the record. A witness must, in some degree, qualify himself, and must, at least, show an independent knowledge of the market value of property at the time and place inquired about, in order to give in evidence an opinion as to the market value of a given house and lot at a stated time and place. Southern P. Ry. Co. v. Maddox, 75 Texas, 305; Thurmond v. Trammell, 22 Texas, 257; Whiteford v. Burckmyer, 39 Am. Dec., 640.

It is permissible to prove market value by the opinions of persons familiar with the value of the property, which must be derived from a personal knowledge of the facts, and the thing to be valued (see Railway Co. v. Searight, 28 S. W. Rep., 39), not from statements made by others. The witness must be qualified to speak on the subject of market value before he can give in evidence an opinion on that subject. San Antonio & A. P. Ry. Co. v. Ruby, 80 Texas, 172; Houston & T. C. Ry. Co. v. Smith, 46 S. W. Rep., 1047; Notes in 20 Am. St. Rep., 518; 30 Am. St. Rep., 39; Williams v. Williams, 82 Mich., 449; Hanger v. Hachmeister, 11 Am. St. Rep., 691; Lee v. Agricultural Ins. Co., 79 Iowa, 379.

*Morris & Crow,* for defendants in error.—It is a proper inquiry before a jury to question a witness as to how he arrives at market value, to test his knowledge and opinion, and as to what facts he considers as a basis of value; and in case of residence property like that at bar it is legitimate to inquire as to its location, surroundings, and as to improvements of other property going on in the immediate neighborhood, and as to prospective improvements nearby, and as to rental value; since no one of these fixes and determines the value, but they each and all may be considered by the witness in reaching a conclusion as to value, and the jury have a right to know his means of knowledge as to value so as

to properly weigh his testimony, and it is necessary for a witness to know all these facts to enable him to form an intelligent opinion and qualify him to testify as to market value.

A witness familiar with the locality of land and its general surroundings and otherwise qualified may give an opinion as to value. San Antonio & A. P. Ry Co. v. Ruby, 80 Texas, 172.

The testimony of Mrs. Campbell, if believed, would have supported a verdict for $900 to $1000 as damages, whereas the finding of the jury, independent of the $90 earnest money, was for only $350, which is fully supported by the other testimony in the record, and hence her testimony did not influence the verdict and did not cause an excessive verdict; and, as the other testimony supports the verdict, her testimony was harmless and the verdict should be allowed to stand. Same authority, also Southern P. Ry. Co. v. Maddox, 75 Texas, 306.

It does not necessarily require an expert to testify as to value; any person acquainted with the property, its location and surroundings, may give an opinion as to value. It is for the jury to look at the witness and say what weight they will give to his testimony. Houston & T. C. Ry. Co. v. Knapp, 51 Texas, 600; Ft. Worth & D. C. Ry. Co. v. Hogsett, 60 Texas, 685; Missouri P. Ry. Co. v. Fagan, 72 Texas, 130; Missouri P. Ry. Co. v. Sherwood, 84 Texas, 136; Texas & P. Ry. Co. v. Donovan, 86 Texas, 378.

WILLIAMS, Associate Justice.—Campbell and wife brought this suit to recover of the mortgage company a sum paid as earnest money upon, and damages for breach of, a contract by which the company, acting through parties alleged to be its agents, agreed to sell and convey to Mrs. Campbell certain real property in the city of Dallas. The contract price to be paid by Mrs. Campbell was $1800, and she alleged the value of the property at the time when it should have been conveyed to her to have been $3000, and sought to recover as her damage the difference between the two amounts. She recovered judgment for $350 as damages besides $90 paid upon the price as earnest money. This was affirmed by the Court of Civil Appeals, all objections urged by the mortgage company to the judgment having been overruled by that court. We see no reason to differ with the Court of Civil Appeals further than is hereinafter stated.

One of the questions of fact contested in the trial court was as to the value of the property, the plaintiffs trying to prove that it was greater than the contract price, while defendant's evidence tended to show that $1800 was its full value. The plaintiff, Mrs. Campbell, testified in her own behalf, and the following questions addressed to her and answers made by her were admitted over defendant's objection that the witness was not shown to be qualified to give an opinion on the subject: "Did you make any inquiry in the neighborhood as to the value of the properties, and the value of that property?" The answer was: "I did."

Question: "From the investigation you made, and the location of the property, what was the value of that property?" The answer was: "I liked it, and if it had not been worth more than $1800 I would not have bought it. I thought I was getting a bargain. From my investigations and inquiries, I thought the property was worth $2700 or $2800." There was no evidence that the witness knew the value of this or other property in Dallas, nor that she had had opportunities to enable her to form an intelligent opinion on the subject, beyond the investigation which she says she had made. The sources of her information or the facts upon which she based her conclusion are not stated by her, or otherwise made to appear, so as to enable the court to see that they were such as to qualify her. The rule on the subject which has been laid down by this court is that, before a witness should be allowed to state an opinion as to the value of property, his qualification to do so should be shown. It is very clear that this was not done in the present instance, and we must sustain the assignment of error upon this ruling. Southern P. Ry. Co. v. Maddox, 75 Texas, 305; East T. Ry. Co. v. Scurlock, 97 Texas, 305.

It is urged that the admission of the evidence did not injure the defendant, since the jury found for plaintiff a sum authorized by other competent evidence and less than that deducible from her testimony. But the evidence does not make it clear that the property was worth more than the contract price, and the finding of the jury in favor of the plaintiff on this point was very probably influenced, to some extent, by her testimony; at least it can not be known that such was not the case. There is no evidence fixing the exact amount found by the jury as the difference between the contract price and the value of the property, nor any which we can say the jury adopted in preference to hers.

Objection is urged to parts of the testimony of the witnesses L. A. Wilson and A. T. Lightfoot. These witnesses were qualified, as real estate agents knowing values of such property in Dallas, to express opinions, and in doing so they could properly state all circumstances affecting the value of that in question, such as its rental value, its location, character of improvements, and the extent of improvement going on around it at the time of the contract and its breach, so far as these affected its value. As we understand their testimony, this is what they did, adding their opinion as to the market value resulting from these things. One of them admitted that the property would not probably have brought more than $1800. This did not render inadmissible what he had previously stated, but only affected his credit and the weight of his testimony with the jury. Another feature of the testimony of the witnesses raised by the objection deserves notice. They both showed, on cross-examination, that in their estimates of the value of the property, they took into consideration the fact that plaintiffs intended to make some improvement in the houses, and their evidence seems to include, in their valuation, the effect of this improvement and the addition thereby to be made to the value of the property. This, of course, is not proper.

The question is as to the value of the property in the condition in which it was to be conveyed. Every quality and condition which gave it value can be considered, and this would include its capacity for further improvements and use, but not a value to be added by improvements to be subsequently made. We deem it proper to add that plaintiffs are not necessarily to be defeated by failure to prove market value if none can be established. If the property had a fixed market value or salable value that would be the criterion; but, as this property may so differ from other pieces of realty that its market value may not be ascertainable from the course of dealing in other like transactions, it may be necessary to resort to other means of showing its true value. For this reason we think that evidence of the character of that introduced is admissible, under the restrictions indicated. Sedgwick on Damages, secs. 243, 250.

For the error in admitting the testimony of Mrs. Campbell, the judgment is reversed and the cause remanded.

*Reversed and remanded.*