HUMBLE OIL & REFINING CO. v. Mc-LEAN. (No. 745–4340.)

(Commission of Appeals of Texas, Section A. Feb. 10, 1926.)

1. Trial ⟐228(1)—"General charge" is an instruction on law of case or any phase thereof, and does not require finding for one of parties (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1970, 1973, 1983).

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 1970, 1973, a "general charge" is an instruction on law pertaining to case, or any phase thereof, it not being necessary to submit an issue of fact for determination with instruc-

tion that if facts exist to find verdict thereon in favor of one of the parties, and such charge is not to be confused with a general verdict defined by article 1983, as a general finding in favor of one or more of the parties.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, General Charge.]

2. Trial ⟐349(1)—Statute authorizing trial on general charge or special issues held not to contemplate use of both methods (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1970, 1973).

Vernon's Sayles' Ann. Civ. St. 1914, art. 1970, authorizing trial of a jury case, first, under the general charge which by article 1973 may be supplemented by requested instructions, and, second, upon special issues, does not contemplate that both methods be followed.

3. Trial ⟐215—In trial on special issues, instruction as to law pertaining to any phase of case excepting definitions of legal terms is not permissible (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1970, 1984A).

In trial on special issues under Vernon's Sayles' Ann. Civ. St. 1914, art. 1970, charge instructing jury as to law pertaining to any phase of case, excepting explanations and definitions allowable by article 1984A, is not permissible.

4. Appeal and error ⟐1031(6)—On submission of instructions not authorized by statute where case is presented on special issues, injury is presumed, and new trial granted unless no injury appears (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1970, 1973, 1984A).

Parties are entitled to trial in accordance with Vernon's Sayles' Ann. Civ. St. 1914, arts. 1970, 1973, 1984A, regarding trial under general charge, and special issues, and if instructions not authorized by statute are submitted, injury to objecting party is presumed, and new trial will be granted unless it clearly appears that no injury or prejudice resulted.

5. Appeal and error ⟐231(9)—Objection that charge is general one not authorized by statute is sufficient without specifically pointing out prejudice (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1970, 1973, 1984A).

Where instructions not authorized by Vernon's Sayles' Ann. Civ. St. 1914, arts. 1970, 1973, 1984A, are submitted in a case tried on special issues, it is not required that objecting party point out specifically the prejudicial effect of charge; it being sufficient to show that charge is a general one not authorized by statute, and that objection is based on such ground.

6. Trial ⟐215—Instruction as to legal effect of answers to special issues in case submitted on special issues held reversible error (Vernon's Sayles' Ann. Civ. St. 1914, art. 1984A).

In action for slander of title tried on special issues, a lengthy charge instructing jury as to legal effect of answers to special issues, and giving undue prominence to matters not properly before jury, was reversible error in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1984A, prohibiting instructions as to law pertaining to case when submitted, on special issues, except for explanations and definitions of legal terms.

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Evidence** ⊂⊃323(3)—**In suit for slander of title, held, testimony as to value of overriding royalty interest in a lease reserved by plaintiff should have been excluded when witness' knowledge was obtained by inquiry as to values during a month and a half and purchase of such an interest in a tract in vicinity.**

In action for slander of title where witness' knowledge of market value of plaintiff's loss was obtained by inquiry concerning values in vicinity during a period of a month and a half and purchase of an overriding royalty interest in a tract in vicinity, his testimony as to value of overriding royalty interest reserved by plaintiff in a lease should have been excluded.

**8. Trial** ⊂⊃352(1)—**Special issues should be so framed as to avoid confusion, conflict, or giving of undue prominence to matters in issue.**

In trial of a case on special issues, the special issues should be so framed as not to confuse jury, or result in apparently conflicting findings, or give undue prominence to matters in issue.

**9. Libel and slander** ⊂⊃139—**Evidence as to motive and cause of writing letter slandering title is admissible on issue of malice.**

In action for slander of title, evidence showing motive and cause of writing alleged slanderous letter should be admitted in evidence on issue of malice, which is an essential ingredient of the action.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by Marrs McLean against the Humble Oil & Refining Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (268 S. W. 179), and defendant brings error. Reversed and remanded.

E. E. Townes and Jno. C. Townes, Jr., both of Houston, C. W. Howth and E. L. Nall, both of Beaumont, and G. P. Dougherty, of Houston, for plaintiff in error.

W. D. Gordon and E. E. Easterling, both of Beaumont, for defendant in error.

HARVEY, P. J. This is a suit for damages, predicated upon an alleged slander of title, brought by defendant in error, Marrs McLean, against the plaintiff in error, the Humble Oil & Refining Company. The trial court rendered judgment for defendant in error for the sum of $19,850.50, from which judgment the plaintiff in error appealed to the Court of Civil Appeals, which court affirmed such judgment. 268 S. W. 179. The case is now before us on writ of error.

McLean and one W. D. Gordon jointly owned, in equal shares, a certain mineral lease of a tract of 25 acres of land in Liberty county. Bates, an agent of the defendant in error, which we shall designate as the Humble Company, conducted negotiations with Gordon for the purchase of said lease for the said company. McLean was in Louisiana during this time. There is evidence to the effect that during the negotiations Gordon made statements to Bates from which Bates could reasonably have inferred that McLean had written him (Gordon) a letter offering to sell his interest in the lease to Bates for the price which was ultimately agreed upon by Gordon and Bates for Gordon's interest, and further that Gordon was authorized by McLean to communicate such offer to Bates and to receive Bates' acceptance thereof. That acting upon such statements Bates consented to buy the lease for the price named, and caused to be prepared a written assignment of the lease to the Humble Company to be executed by Gordon and McLean. Gordon duly executed this assignment at Wichita Falls, Tex., where these negotiations were conducted, and received from Bates the price of his one-half interest in the lease. A few days afterwards, the instrument was presented by Bates to McLean for execution by him. Meantime, it had come to light that a producing well had been brought in near this tract of land, and McLean refused to execute such instrument and to receive the price that Gordon and Bates had agreed upon, but demanded a greater price, which Bates refused to pay. Bates communicated to Farish, one of the managing officers of the Humble Company, what was said and done in the negotiations that occurred between himself and Gordon. A short time later, McLean opened negotiations with the Gulf Production Company, which resulted in the latter company agreeing to purchase McLean's half interest in the lease, for which it agreed to pay McLean a bonus of $750 per acre and allow him to retain an overriding royalty of 3/28 of the oil produced from the land, over and above the royalty rights of the landowner and another in the land. Later in the same day, to wit, June 5, 1920, the said Farish, acting in the name and behalf of the Humble Company, after consulting with Sterling, the president of the said company, and Townes, the general attorney therefor, wrote and caused to be delivered to the Gulf Production Company a letter notifying such company that the Humble Company had purchased the interest of McLean in the lease in question. As a result of this letter, the Gulf Production Company refused to proceed further in its negotiations with McLean. A few days later it developed that the land was not oil bearing, and in consequence the lease became of little or no value. Thereafter McLean brought this suit for damages alleged to have been sustained by him in losing a sale of said lease to the Gulf Production Company, on account of said letter written by Farish for the Humble Company.

The case was tried in the court below upon special issues submitted to the jury, who returned answers thereto in favor of McLean; and judgment was rendered accordingly.

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

In addition to the special issues submitted by the court to the jury, the court, by way of preface to the special issues, also submitted a lengthy charge instructing the jury as to the law pertaining to different phases of the case. The matters contained in this charge are not such explanations and definitions of legal terms as were necessary to enable the jury to properly pass upon and render a verdict on the special issues submitted to them. The Humble Company duly objected to the submission of such charge on the following ground:

"Because the charge of the court as contained in pages 1 and 2 is a general charge, and is uncalled for and unnecessary and erroneous, and should not be given in view of the fact that the cause is submitted to the jury on special issues."

This objection was overruled by the court.

The defendant in error contends here, in effect, that the above objection is insufficient to entitle it to consideration, in that it does not point out in what way such charge is erroneous or the plaintiff in error could be prejudiced by such charge; further, that such charge is not a general one for the reason that "it does not submit issues of fact to the jury and instruct them if they found such issues of fact to exist to find for either the plaintiff or the defendant."

In contending that the charge in question is not a general one, the defendant in error seems to confound a general verdict with a general charge. A "general verdict" is defined by article 1983, Vernon's Statutes, as "one whereby the jury pronounces generally in favor of one or more parties to the suit upon all or any of the issues, submitted to it." The succeeding article defines a "special verdict" as "one wherein the jury finds the facts only on issues made up and submitted to them under the direction of the court."

[1, 2] A "general charge" is an instruction given by the court to the jury as to the law pertaining to the case, or any phase thereof. For a charge to be a general one, it is not necessary that it be one submitting an issue of fact for determination by the jury, with instruction that if they find such facts to exist to find verdict thereon in favor of one of the parties. This is clearly apparent from the reading of article 1970 of Vernon's Sayles' Civil Statutes of 1914. This statute, which was in force when this case was tried, authorized the trial of a jury case by two distinct methods: First, under a "charge on the law of the case," which is commonly denominated "a general charge" in legal parlance, which, by virtue of the provisions of article 1973, may be supplemented by instructions duly requested by either party; and, secondly, upon special issues. This statute does not contemplate that both methods be followed.

[3] However, article 1984A of said Vernon's Statutes modifies the apparent effect of the provisions of article 1970 to the extent of allowing the court to "submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such [special] issues," whenever the case is submitted to the jury on special issues. It is obvious, from a reading of these statutory provisions, that whenever special issues are submitted to the jury, a charge which undertakes to instruct the jury as to the law pertaining to any phase of the case, excepting such explanations and definitions of legal terms as are allowed by the statute, is not permissible.

[4] Every party litigant has the right to have his case tried in accordance with such statutory provisions. If this right be violated, over his objection, by the submission of instructions not authorized by statute, injury to the objecting party is presumed; and, unless it clearly appears that no injury or prejudice results to him, or his cause, he is entitled to a new trial. Railway v. Harrington (Tex. Com. App.) 235 S. W. 188, and authorities there cited.

[5] In such a case, it is not required that the objecting party, in stating his objection, shall point out specifically in what praticular way such a charge operates prejudicially to his cause, but it is sufficient that he directs attention to the fact that such charge is a general one not authorized by the statutes, and that he bases his objection on that ground. By such an objection he directs the attention of the court to the matter to which he objects, and the reason that makes it objectionable.

[6] The general charge, which was submitted to the jury in this case, as a preface to the special issues submitted, is of such length that expediency forbids that it be set out in full here. For the purpose, however, of giving an idea of its general nature and showing that it is such that we cannot say that it was clearly harmless to plaintiff in error in the trial of the case, we shall give some extracts therefrom.

The charge says:

That to enable the jury to properly consider the issues submitted, the court "gives you the following instructions, which will guide you in arriving at your answers: In order for the plaintiff to recover in an action of this sort, the following prerequisites are necessary, to wit: The plaintiff must prove: * * * Third, that they (the statements contained in the letter written by Farish to the Gulf Production Company) were malicious, that is, the plaintiff must show that the defendant could not have believed in the existence of the right it claimed, or at least it had no reasonable or probable cause for so believing. * * * You are further instructed that the evidence in this case, as a matter of law, shows that Marrs McLean did not give authority to W. D. Gordon to make a sale of his interest in the leased premises in

controversy, and that W. D. Gordon did not attempt to sell the interest of Marrs McLean in such property. * * * Now, therefore, in answering the special issues submitted to you, you will bear in mind the foregoing instructions of the court touching the issues submitted to you for answers: * * * (2) Was the defendant actuated by malice in writing and delivering said letter to the Gulf Production Company. That is, did it act without honestly believing in good faith, on probable cause, that it had acquired the McLean interest in said lease?"

The jury gave an affirmative answer to the special issue quoted above. The suggestive nature of the court's preliminary charge, as illustrated by the extracts given, is obvious. Not only are the jury told of the legal effect of their answer to the special issue, but the matters set forth are given such undue prominence that we cannot say that no harm resulted to plaintiff in error.

Other portions of such charge also are suggestive in their nature, by giving undue prominence to matters with which the jury have no proper concern in arriving at a verdict on the several special issues submitted to them. The giving of such charge constitutes reversible error.

[7] The plaintiff in error complains also of the admission in evidence of the testimony of the witness Orgain, wherein such witness states his opinion of the market value of the overriding royalty interest reserved by McLean in his deal with the Gulf Company. The plaintiff in error duly objected to the introduction of such testimony on the ground that the witness was not shown to have sufficient knowledge of the subject to give an opinion thereon. The only means which the witness is shown to have had, to learn and know the market value of the lease in question, was, as stated by the witness, by "my inquiry concerning values over there from sometimes about the first of May until up along in the middle of June, 1920." No other source of information, concerning the market value of royalty interests in that vicinity, than as above stated, is shown by the witness, except the fact that the witness had bought an overriding royalty interest in a tract of land in the vicinity of the one in controversy here.

The objection of plaintiff in error to the testimony of this witness as to such market value should have been sustained and such testimony excluded. Land Mortgage Co. v. Campbell, 84 S. W. 424, 98 Tex. 375.

[8] Plaintiff in error further complains of the submission by the court of two special issues upon the same subject, and of conflicting findings thereon by the jury; same being special issues Nos. 2 and 4. It is not clear to us that the complaint of plaintiff in error is ill-founded; therefore, in view of another trial we suggest that the court so frame the special issues on this subject that they will not be calculated to confuse the jury or result in apparently conflicting findings, or give undue prominence to matters in issue.

[9] We think, also, that if the evidence upon another trial be the same as in this one, the excluded testimony of Farish, Sterling, and Townes showing the motive and cause of the writing of the alleged slanderous letter should be admitted in evidence, on the issue of malice, which is an essential ingredient of an action for slander of title. 25 Cyc. 560; 17 Ruling Case Law, pp. 456, 457.

We recommend that the judgment of the trial court and that of the Court of Civil Appeals be reversed and that the cause be remanded.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.