The STATE of Texas, Appellant,

v.

E. M. SPEARS et ux., Appellees.

No. 6643.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 7, 1963.

Remittitur Filed Nov. 13, 1963.

W. G. Walley, Jr., A. L. Vickers, A. L. Vickers, of counsel, Beaumont, for appellant.

Black & Provost, Port Arthur, for appellees.

STEPHENSON, Justice.

This is an eminent domain case brought by the State of Texas to acquire a strip of land for highway right-of-way purposes. This was a partial taking case and the only points involved are in connection with the value of the remainder after the taking. The State contends this finding of the jury is supported by no evidence and that such finding is against the overwhelming weight and preponderance of the evidence.

The jury found, the market value of the remainder, after taking, to be $8,905.00. Four expert witnesses testified, and placed this value at $10,781.00, $11,735.00, $10,387.00 and $9,550.00.

The jury was not authorized to fix a value on the property in question, after the taking, at a less sum than that given by any witness. Houston Belt & Terminal Ry. Co. v. Lynch, Tex.Civ.App., 185 S.W. 362; Roberts v. State, Tex.Civ.App., 350 S.W.2d 388.

The award found by the jury was excessive by the sum of $645.00. We conclude, therefore, that the appellees should be allowed to take the lesser sum if they so desire; and, if appellees shall file in this court within 15 days their remittitur of $645.00, being the difference between the $8,905.00 found by the jury to be the value of the remainder, after taking, and $9,550.00 being the least value testified to by the witnesses, as to such value. Such remittitur must also include all interest which has accrued on such $645.00. Failing this remittitur, the trial court judgment will be reversed and remanded. Rule 440, Texas Rules of Civil Procedure. Houston Belt & Terminal Ry. Co. v. Lynch, Tex. Com.App., 221 S.W. 959; Hopson v. Gulf Oil Corp., Tex.Civ.App., 237 S.W.2d 323.

The judgment is affirmed conditionally.