The STATE of Texas, Appellant,

v.

Harris E. VICK et ux., Appellees.

No. 14291.

Court of Civil Appeals of Texas.

Houston.

Feb. 13, 1964.

Waggoner Carr, Atty. Gen., T. B. Wright, Watson C. Arnold and F. William Colburn, Asst. Attys. Gen., Austin, for appellant.

E. R. Wright, Huntsville, for appellees.

WERLEIN, Justice.

This is a condemnation suit brought by the State of Texas, acting by and through the State Highway Commission of Texas, against Harris Eugene Vick and wife, Vivian Vick, to condemn approximately 19.-31 acres of land owned by them in Walker County, Texas, for the construction of Interstate Highway 45. After the taking there will remain to appellees approximately 17.2 acres on the northwest side of the Highway and approximately 98.62 acres on the southeast side thereof.

The jury found in answer to Special Issues that the market value of the strip of land taken was $7,000.00; and that the market value of appellees' remaining land after the taking remained the same. We have read the statement of facts and find that there is no evidence that will support the jury's finding that the market value of the land taken was as much as $7,000.00. Appellee Vick's testimony was that the market value of the land taken was $150.00 per acre, or a total of $2,896.50. He did not testify as to the length or value of the fence that was actually on the land taken, but included in his estimate the cost of fences apparently later built along the right of way. Witness Graham testified that he figured the value of the fence on the land taken at $162.30. This was the highest value placed on the fence that was on the land taken. This amount added to the market value of the land taken, as testified to by Mr. Vick, makes a total of $3,058.80. The other witnesses testified to a lesser market value for the land

taken than the value placed thereon by Mr. Vick. The finding of $7,000.00 as damages for the land taken is, therefore, excessive in the amount of $3,941.20, thus requiring reversal. Rule 440, Texas Rules of Civil Procedure; Carter v. Texarkana Bus Company, 1956, 156 Tex. 285, 295 S.W.2d 653. Although the record indicates that appellees have suffered considerable damage to their remaining land as a result of the taking, neither they nor appellant have assigned as error the finding of the jury that the market value of the remaining land as a result of the taking remained the same. It is suggested that if this case is retried, the issues submitted should substantially conform to the form suggested by our Supreme Court in State v. Carpenter, 126 Tex. 604, 89 S.W. 2d 194. See also City of Austin v. Cannizzo, 1954, 153 Tex. 324, 267 S.W.2d 808.

 Appellant has assigned as error the admission by the court of evidence that appellees had sold to the State Highway Department, prior to the condemnation suit, a parcel of land consisting of 2.97 acres adjoining the tract condemned but not involved in the present suit, because the sale of such tract of land was made under threat of condemnation. The evidence shows that the sale was made by Mr. Vick to the State Highway Department, but fails to disclose when the sale was made, or that it had any relation to the acquisition of land by the State Highway Department for the construction of Interstate Highway 45. In view of the condition of the record, we are unable to say that the admission of such evidence was error. In view however, of the likelihood of another trial, it is pointed out that our courts have uniformly held that prices paid for property by a condemning authority are not admissible to establish market value of the property being condemned because such sales are not free and voluntary. Menchaca v. San Antonio Independent School District, Tex.Civ.App., 297 S.W.2d 363, writ dism.; Robards v. State, Tex.Civ.App., 285 S.W.2d 247, writ. ref., n. r. e.

Appellees are given ten days from this date in which to file a remittitur of $3,941.-20. If such remittitur is filed within the time indicated, the judgment of the trial court will be reformed accordingly and, as reformed, will be affirmed; otherwise, the judgment of the trial court will be reversed and the cause remanded for a new trial.

## Supplemental Opinion

On February 13, 1964, we indicated by an opinion in writing that if appellees did not file a remittitur of $3,941.20 within ten days from such date, the judgment of the trial court would be reversed and the cause remanded.

Appellees have failed to file the suggested remittitur within the time indicated, therefore the judgment of the trial court is reversed and the cause remanded for a new trial.

Motion for rehearing may be filed by either party within fifteen days after this date.

Reversed and remanded.