**CITY OF DALLAS, Appellant,**

v.

**G. B. McLEMEE et ux., Appellees.**

No. 16328.

Court of Civil Appeals of Texas.

Dallas.

April 3, 1964.

Supplemental Opinion April 17, 1964.

H. P. Kucera, City Atty., N. Alex Bickley, Asst. City Atty., Dallas, and W. H. Frank Barnes, Terrell, for appellant.

Earl Luna, Dallas, for appellees.

BATEMAN, Justice.

The City of Dallas appeals from the judgment of the County Court of Kaufman County awarding appellees G. B. McLemee and wife the sum of $1,680 as the value of

land condemned by appellant as part of the right-of-way for its pipeline from Lake Tawakoni to Dallas. The land taken is a strip 130 feet wide, comprising 4.8 acres, across the southern end of appellees' 108-acre tract. While the title taken is the fee simple, all oil, gas and other minerals, together with the right to use the surface for agricultural and grazing purposes are reserved to appellees, their heirs and assigns, subject to appellant's unlimited right of ingress and egress. The only question presented by appellant's five points of error is the sufficiency *vel non* of the evidence to support the jury's finding as to the value of the land taken. In our opinion the award is so excessive as to require reversal.

The only evidence of values offered by appellees was the testimony of appellee G. B. McLemee, who did not live on the farm in question but lived about a mile and a quarter from it. He did not purport to be an expert and the only effort made to qualify him to give opinion evidence was counsel's asking him if he had an opinion or whether he knew the market value of the farm, to which he replied: "I would think so." It was not otherwise shown that he was familiar with any land values in the vicinity. He was then asked what the value of the condemned strip was, "considered as severed land," to which he replied: "I would value it myself for $500.00 an acre." He was then asked his opinion as to the value of the remaining 103.2 acres, and he replied, "About $250.00 an acre." He was of course interested in the outcome of the case, and he gave no basis whatever for his conclusions.

The land in the condemned strip was not shown to be more productive, or of better quality, or better located than any of the land abutting it on both sides. McLemee testified that after installation of the pipeline he planted the right-of-way in rye grass, oats and vetch, and that the only way you could tell the difference between the pipeline strip and the land adjacent to it was the fact that there were no weeds growing on the strip; that he was getting the use of the strip but would not have to pay taxes on it.

■ Appellees offer nothing, either in their evidence or their brief, to explain how the condemned strip could be worth exactly twice the value of the land adjacent to it, which was the same type and quality of land and indistinguishable from it. Yet the jury saw fit to follow this amazing testimony to a large extent by awarding appellees $1,680, or $350 per acre. As said by Justice Norvell, then of the San Antonio Court of Civil Appeals, in Tennessee Gas & Transmission Co. v. Zirjacks, Tex.Civ. App., 244 S.W.2d 837, err. dism.:

> "One claiming damages to land must show the nature of the damage, the effect upon various portions of the tract and the relationship of the same to market value. A mere conclusion as to market value is insufficient for this purpose."

Our Supreme Court said, in Dallas Ry. & Terminal Co. v. Gossett, 156 Tex. 252, 294 S.W.2d 377, 380:

> "It is well settled that the naked and unsupported opinion or conclusion of a witness does not constitute evidence of probative force and will not support a jury finding even when admitted without objection."

It was also held in J. B. Watkins Land & Mortgage Co. v. Campbell, 98 Tex. 372, 84 S.W. 424, 425 that "before a witness should be allowed to state an opinion as to the value of property, his qualification to do so should be shown."

■ We are impressed also by the following language in County of Bexar v. Cooper, Tex.Civ.App., 351 S.W.2d 956, 958, no wr. hist.:

> "In determining the market value of land condemned, or damaged thereby, actual sales of similar or comparable lands in the immediate vicinity of that being condemned, where willing sellers and willing buyers are involved, are

much more reliable than the opinions of experts."

The only other witness on values was H. E. Gardner who, after fully qualifying as an expert, testified that in his opinion the market value of the strip taken was $100 per acre or a total of $480. He buttressed this opinion with seven comparable sales of other lands within a radius of about eight miles of the farm in question. The prices ranged from $65 to a high of $101 per acre. On cross examination he told of three other sales, one of which was a sale of 75 acres at $156.66 per acre. He said the property which sold for $156.66 per acre was much better improved than the Mc-Lemee tract, and that he would consider it a better buy at $156 an acre than he would the McLemee tract at $100 per acre.

While we recognize the general rule that the probative force of evidence is for the jury, which may accept or reject the opinions of experts as well as the testimony of lay witnesses, yet we have the right and duty to determine whether testimony has sufficient probative force to support jury findings. Constitution of Texas, Art. V, § 6, Vernon's Ann.St.; In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. Our review of all the evidence compels the conclusion that the verdict is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. Accordingly, we sustain all of appellant's points of error, set aside the verdict and remand the cause for a new trial.

Since the only reason for reversal is the excessiveness of the verdict, we are required to indicate the amount by which we consider the verdict excessive and give the landowners a reasonable time within which to file a remittitur of such excess. Rule 440, Texas Rules Civil Procedure; Adams v. Houston Lighting & Power Co., 158 Tex. 551, 314 S.W.2d 826; Carter v. Texarkana Bus Co., 156 Tex. 285, 295 S.W.2d 653; County of Bexar v. Cooper, Tex. Civ.App., 351 S.W.2d 956, no wr. hist.; State v. Spears, Tex.Civ.App., 374 S.W.2d

250. In determining that amount we are of course limited by the evidence in the record. Among the sales of other lands in the vicinity, mentioned in the evidence, the highest amount paid per acre was $156.66. Under the evidence in the record before us, we feel that the use of such figure in determining the proper basis of remittitur is justified. We therefore hold the verdict to be excessive by $928.

The judgment of the trial court is reversed and the cause remanded, unless within ten days appellees file with the clerk of this court a written remittitur in the sum of $928, in which event the judgment as remitted will be affirmed.

Reversed and remanded conditionally.

SUPPLEMENTAL OPINION

Appellees not having filed the remittitur suggested in our original opinion, it is ordered that the judgment of the trial court be reversed and remanded for another trial.

Reversed and remanded.