The STATE of Texas, Appellant,

v.

Leon D. NESOM et ux., Appellees.

No. 6789.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 23, 1965.

Rehearing Denied Oct. 21, 1965.

W. G. Walley, Jr., Beaumont, for appellant.

Chilton O'Brien, Beaumont, for appellees.

PARKER, Justice.

This is an eminent domain case. In response to the three special issues submitted, the jury found that the market value of the land condemned by The State of Texas was $2,700.00 and that the taking resulted in no damage to the remainder of the land owned by appellees, Leon D. Nesom and wife. Judgment was entered upon the jury verdict.

Appellant urges error on the part of the trial court in refusing to set aside the verdict of the jury and the judgment of the court thereon because there is no evidence to support jury finding $2,700.00 to be the market value of the strip of land owned by appellees condemned by appellant, The State of Texas, for highway purposes as of April 29, 1964. The sole witness testifying as to the value of the condemned tract was Edwin Terry, an expert real estate appraiser. This witness detailed his educational background, training and experience, qualifying himself to give his opinion as to the market value of real property in the area of the land involved in this proceeding. The property involved was unimproved, non-income producing property. The comparable sales approach was the only technique that could be used

in appraising this specific property. Terry considered sales of several properties in helping him form his opinion and estimate of the market value of the property involved. Although not a participant in any of such sales, he testified that as to each he had confirmed the details of each sale by talking with the respective sellers and buyers. He calculated the basis of each sale upon dollar per front foot fronting on roads or streets. The appraisal Terry made of the market value of the appellees' entire tract of land was $5,400.00, or $25.00 per front foot. His opinion of the value of the parcel of land of appellees being condemned was $1,463.00, or $70.00 per front foot. He further testified there was no difference in the value of the remainder of appellees' land immediately before and immediately after the taking of the strip needed for highway purposes. There was no other competent evidence as to the value of the property taken. Testimony of the expert witness, Terry, concerning comparable sales of other property considered by him in reaching his opinion of the market value of the property under consideration was admissible for the limited purpose of showing a basis of the opinion value thereof stated by this expert witness. State v. Oakley, 163 Tex. 463, 356 S.W.2d 909, 95 A.L.R.2d 1207 (1962). The jury's finding of $2,700.00 exceeds the maximum estimate of value of the only witness thereon and there is no other competent proof of value. The verdict and judgment for damages being unsupported by proof is excessive as a matter of law to the extent that it exceeds the highest value placed upon the property by probative evidence, to-wit: $1,463.00. Gulf, C. & S. F. R. Co. v. Fink, Tex., 18 S.W. 492; State v. Spears, Tex.Civ.App., 374 S.W.2d 250; City of Houston v. Ready, Tex.Civ.App., 370 S.W. 2d 210; Roberts v. State, Tex.Civ.App., 350 S.W.2d 388.

■ In the argument to the jury, appellant objected to the following argument as being entirely beyond the record and moved the court to instruct the jury not to con-

sider the statements for any purpose, which the trial court overruled, to-wit:

"Now Mr. Walley (counsel for Appellant) omitted to mention that he had another appraiser sitting in this courtroom that the County, I presume, paid.

"He (counsel for Appellant) asked you on voir dire whether or not you knew Mr. Jef Russell, an appraiser here in this case, and I think it's a fair assumption and comment that there was another appraiser. * * *"

"* * * Mr. Nesom's tax money went to pay the appraisers, both of them, just like yours did, and mine did, and Judge's did, and Mr. Walley's did, and everyone else's here that's paying taxes. I don't know why the County feels that they have some proprietorship rights in those opinions they have, and I say to you, you don't have to consider that as binding upon you."

On voir dire examination of the members of the jury panel in this cause, counsel for plaintiff inquired of the panel if they knew Mr. Jef Russell or Mr. Edwin Terry, who might testify in this cause as witnesses. There is no evidence that Russell was a witness under the control of appellant, that he was employed by appellant to investigate and evaluate facts and report an expert opinion or that he was not as available to appellees as he was to appellant. However, this was not an argument to the jury that Russell's testimony would have been unfavorable to appellant and that the failure of appellant to call him to testify was a suppression of evidence.

Such argument was not a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment. Accordingly, appellant's point of error as to this argument is overruled.

■ From the comparable sales detailed by witness Terry, appellees prepared a typewritten statement which the trial court per-

mitted to be introduced into evidence over appellant's objection. This exhibit deals with three comparable sales. Taking the first sale, the language is as follows:

"If the Nesom tract is valued on the same front foot basis that Mr. Terry testified to for his comparable Tract No. 3 on Kingsley Drive, then the total value of the Nesom tract would be 215 x $33.33, or $7,165.95. On this basis the portion of the Nesom tract that is being taken for highway purposes, which is 261/697 of $7,165.95, or $2,-683.37."

The other two sales are dealt with in like language. Such an exhibit being based entirely upon hearsay and hypothetically assuming facts completely unproven as facts, the exhibit was not admissible evidence of any probative force for the purpose of proving facts. Terry had testified to the calculations on the Kingsley Drive tract. The trial court in State v. Oakley, supra, instructed the jury that:

"You are instructed that testimony by witnesses not having first hand knowledge of the matter stated that certain properties had sold for certain prices shall not be considered as evidence that such properties have sold or that such properties have sold for the prices stated, or as evidence of the market value of the property involved, but may only be considered as being information which the witnesses testified they gathered for the purpose of forming an opinion of the market value of the property involved."

Appellant's point of error relating to this exhibit is overruled as not being a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment.

It was error for the trial court to enter judgment for $2,700.00 with no proof that the value of the condemned property was over $1,463.00. This error may be cured by remittitur. Unless appellees within two weeks after the filing of this opinion file a remittitur in the amount of $1,237.00, this case will be reversed and remanded for new trial. If such remittitur is executed and filed with the clerk of this court within said time, the judgment will be affirmed for the balance.