ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. SMITH.

(Court of Civil Appeals of Texas. Dallas. Jan. 18, 1913. Rehearing Denied Feb. 8, 1913.)

1. EVIDENCE (§ 471*)—INJURY TO PERSON ON HIGHWAY—OPINION EVIDENCE.

In an action against a railroad company for injuries from a team becoming frightened, plaintiff's testimony that the train "scared the horses knocking with those cars," and that "the cars bumped together backing into us and scared the horses," was not objectionable as opinion evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

2. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

The erroneous admission of opinion evidence in a personal injury case is harmless, where other testimony of like import is admitted without objection.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

3. DAMAGES (§ 158*)—INJURY TO PERSON ON HIGHWAY — PLEADING AND PROOF — VARIANCE.

In an action for injuries from being thrown from a buggy, due to a team becoming fright-

ened at a train, evidence that plaintiff's side was injured and one rib fractured from the wheel of the buggy striking his shoulder blade, and running over his back, was not materially variant from allegations of his petition that he was thrown on his right arm and side and so injured, though the petition did not allege that the buggy hit him on the back of the shoulder blade.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 441–444; Dec. Dig. § 158.*]

4. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—OPINION EVIDENCE.

Where, in an action for injuries from being thrown from a buggy, due to a team becoming frightened at a train, the issue as to defendant's negligence was whether defendant's employés negligently moved the train, and not in which direction they were moving it, the admission of opinion evidence as to which direction the train moved was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

5. WITNESSES (§ 240*)—EXAMINATION—LEADING QUESTIONS.

In an action for injuries from being thrown from a buggy, due to a team becoming frightened at cars, a question as to what was the impression of the witness as to whether the car was coming toward him or not, and as to whether or not the train was coming toward him or going from him, was not objectionable as leading.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 795, 837–839, 841–845; Dec. Dig. § 240.*]

6. APPEAL AND ERROR (§ 1060*)—HARMLESS ERROR—FAILURE TO INSTRUCT—ARGUMENT OF COUNSEL.

Where the evidence was amply sufficient to show that plaintiff was injured through defendant's negligence, and that the verdict was not excessive, failure to instruct not to consider improper remarks of counsel was not ground for reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4135; Dec. Dig. § 1060.*]

Error to District Court, Hunt County; R. L. Porter, Judge.

Action by Earnest Smith against the St. Louis Southwestern Railway Company of Texas. From judgment for plaintiff, defendant brings error. Affirmed.

E. B. Perkins, of Dallas, and Crosby, Hamilton & Harrell, of Greenville, for plaintiff in error. Evans & Carpenter, of Greenville, for defendant in error.

TALBOT, J. This suit was instituted by the defendant in error, Earnest Smith, a minor, by and through his father, W. W. Smith, as next friend, to recover damages for personal injuries caused by the negligence of the employés of the plaintiff in error in the handling of a freight train at a public street crossing in the city of Greenville, whereby plaintiff's team was caused to take fright and run away, throwing the defendant in error, Earnest Smith, out of the buggy in which he was riding and injuring him.

The evidence is sufficient to warrant the following conclusions of fact: Earnest Smith, a minor 16 years old, was traveling in a bug-

gy drawn by two horses, in company with his two brothers who owned the horses and buggy, and one of them, Wesley, was doing the driving. When they reached a point about 50 or 60 yards from where plaintiff in error's railroad track crossed Lee street in the city of Greenville, Tex., they stopped and remained about 20 minutes, waiting for a train, which was standing on and obstructing the crossing on a side track east of the main track to be moved. The crossing was finally "cut"; the south end of the train being left with one car projecting into the south side of the street, while the north end was pulled north, leaving a space between the two sections of the train, according to appellee's witnesses, of 12 or 15 feet. After the north end of the train stopped, in obedience to the brakeman's signal, plaintiff's brother drove up to and upon the crossing, and, as the team crossed the track between the two sections of train, the north end of the train made a movement, causing an unexpected and loud noise, whereby the team became frightened and ran away, causing Earnest Smith to be thrown from or to fall out of the buggy, and injuring him substantially as alleged in his petition. The only issue of negligence submitted was whether or not the servants of the defendant caused the train to make an unexpected and loud noise as plaintiff and his companions were passing over the crossing which caused the team they were driving to become frightened and run away. The defendant answered by general demurrer, general denial, and, in substance, that plaintiff's injuries were the result of his own negligence in driving said team at the time and in the manner and place the same was driven; that plaintiff did not drive upon said track in response to any signal from any employé of defendant, but voluntarily drove the team onto and across the defendant's tracks in a careless and negligent manner, knowing that the team was likely to become frightened; that the team became frightened at the sight of the train or at its usual and necessary noises; that defendant's employés exercised ordinary care in the operation of the engine and cars, and its engine did not make any unusual or unnecessary noises on the occasion in question.

[1, 2] There was no error in permitting the plaintiff, Earnest Smith, to testify that the train "scared the horses knocking with those cars." This witness further testified in this connection that, "when the train pulled up across the crossing and stopped, we stopped about 50 yards from the train. * * * We stayed there something like 20 minutes. * * * When the brakeman came back and cut the train, they pulled up there, and left a space something like about 12 feet to go through. * * * When the brakeman cut the cars and they pulled up, he then waved for us to come on, and we followed brother and Bob Ford. Bob Ford and my brother

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

drove across, and, when we got up on the road, the cars bumped together, backing into us and scared the horses, and they ran away with us. At the time they started back on us our horses were on the track where this train was that had been cut. The noise that it made was a loud noise—cars bumping together." Practically to the same effect is the testimony of all of the witnesses except that of the defendant's brakeman, and his testimony to the effect that in his opinion the team took fright at the caboose on the main track seems to be purely a guess, and so lacking in probative force it can hardly be said that an issue was raised as to whether the horses became frightened at the noise of the freight train on the side track or the caboose on the main track. But, however this may be, the error, if any, in admitting the testimony complained of, was rendered harmless, or furnishes no ground of complaint because of other testimony of like import, which was admitted without objection. Jesse Smith, plaintiff's brother, testified without objection: "When our horses got upon the railroad track, the train scared them and they ran away. The train scared the horses, and they made a dash and then ran away and threw us out. The train made a noise like they were backing into the horses is what scared them. It was a bumping noise." Likewise, Wesley Smith, testified: "The car was extending in the traveled part of the street, but there wasn't but a little of the car over in the traveled portion of the street. We had to go around it to get by it. The noise of those cars caused the team to become frightened." For the same reasons, the second assignment of error, complaining that the court erred in permitting the plaintiff, Earnest Smith, to testify that the noise of the cars caused the team to take fright, will be overruled.

[3] The third and fourth assignments of error are grouped in the brief, and assert, respectively, that the court erred in permitting the plaintiff, Earnest Smith, to testify that, when he fell from the buggy, it hit him on the back of the shoulder blade, and in refusing to sustain defendant's motion to strike out and instruct the jury not to consider that portion of said witness' testimony "wherein the witness had testified that, when he fell from the buggy while the horses were running away, the buggy wheel struck his shoulder blade, and ran over his back and broke one of his ribs." It is contended that it was error to admit and to refuse to strike out this testimony, because it varied from the pleadings of the plaintiff, and showed the injury to plaintiff to have taken place in a manner not alleged in plaintiff's petition. We think there was no material error in this action of the court. It is true the petition does not allege that, when plaintiff was thrown from the buggy, the buggy hit him on the back of the shoulder blade. The allegations are that: "When he was thrown

from the buggy, he was thrown upon his forehead, right arm and side, injuring his hand, wrist, and elbow joint by lacerating, stretching, and wrenching the bones, ligaments, and nerves of the hands and fingers, the wrist joint, and the arm and elbow joint, injuring his right side by fracturing one of his ribs," etc. And, while the bills of exception reserved to the rulings of the court show that the plaintiff testified that the buggy hit him on the back of the shoulder blade and ran over his back and broke one of his ribs, the bills do not show, nor does the statement under the assignment show, that any testimony whatever was admitted tending to show any injury to the shoulder blade, or that the plaintiff suffered any physical or mental pain by reason thereof; nor were the jury authorized by the court's charge to take into consideration in estimating plaintiff's damages any injury to his shoulder blade or mental pain suffered by reason of the same having been struck by the buggy, and no objection is urged to the testimony complained of on the ground that the jury may have allowed damages for an injury not alleged. The objection is that by the action of the court in admitting the testimony the plaintiff was permitted to prove that the injury to plaintiff's "side by fracturing one of his ribs was sustained in a manner different from the manner in which it was alleged to have occurred." Now, conceding that under the allegations of the plaintiff's petition testimony of injury to his shoulder and physical and mental suffering in consequence thereof would not be admissible as basis for a recovery, yet we think that testimony showing that plaintiff's side was injured as alleged by the wheel of the buggy from which he was thrown, striking his shoulder blade and running over his back, injuring his side by fracturing one of his ribs, is not materially variant from the allegations of the petition to the effect he was "thrown on his right arm and side and so injured." The gist of the complaint or allegation here was that plaintiff's side was injured by having one of his ribs broken as a result of the defendant's negligence, and proof showing that it was so injured by the wheel of the buggy striking him, instead of the left side of his body striking the ground when he was thrown from the buggy, "was a sufficient correspondence between the allegations and proof."

[4, 5] The witness Wesley Smith, while testifying in behalf of plaintiff, was asked by his counsel the following question: "What was your impression at the time as to whether the car was coming toward you or not— just tell the jury there. Of course, you only had a moment's time, and the horses were frightened, too, but tell the jury what your impression was at the time. I want you to state what your impression was at the time this noise was made as to whether or not the train was coming toward you or going

from you." The question was objected to by counsel for plaintiff in error upon the grounds that it "was leading, suggestive, argumentative, and called for a guess of the witness, an opinion, and a conclusion." The objections were overruled, and the witness permitted to answer as follows: "Well from the sound that was made and everything I supposed that the cars were coming back and the horses jumping like they did." This ruling of the court is complained of, and made the basis of the sixth assignment of error. We do not regard the question as leading, but it was probably objectionable on the ground that it called for the mere impression and opinion of the witness. That it was objectionable in this respect may be conceded, yet we do not regard the error, if error, of such moment as to require a reversal of the case. Whether or not the train was moved in the direction of plaintiff's team was not submitted as a separate and distinct ground of negligence on the part of the defendant upon which a recovery might be had. The substance of the issue was whether or not the railway company's employés negligently moved the train in question as Earnest Smith and his companions were driving over the railroad track, and thereby caused it to make an unusually loud and unexpected noise which frightened the horses being driven, causing them to run away and injure the defendant in error, and the direction in which the train was moving was immaterial, and the admission of the testimony could have resulted in no substantial injury to plaintiff in error. The assignment under consideration will therefore be overruled.

The fifth paragraph of the court's charge, wherein the facts are grouped and conditions stated upon which the jury were authorized to return a verdict in favor of the plaintiff, is not erroneous for any reason urged by the plaintiff in the assignment complaining of said charge. The charge did not assume that defendant's employés left a space of only 12 or 15 feet between the ends of the trains on the crossing, nor did the charge assume that the distance between said trains was not a sufficient or safe distance for the passing of persons over the crossing. Neither did said charge assume that defendant's employés caused the train to make an unexpected and loud noise. And whether the train was caused to make an "unexpected and loud noise" reasonably calculated to frighten a reasonably gentle horse was an issue raised by the evidence and properly submitted in the charge in question for the determination of the jury.

[6] The seventh, ninth, tenth, eleventh, and twelfth assignments of error complain of certain remarks made by counsel for the plaintiff in his argument to the jury, and the refusal of the court to grant a new trial on account thereof. In part, at least, these remarks were not justified or provoked by anything said by counsel for defendant in the discussion of the case, and were improper, and the jury should have been instructed not to consider them in arriving at their verdict. We think, however, that the evidence is amply sufficient to show that plaintiff was injured through the negligence of defendant, and that the size of the verdict, when considered in connection with the evidence bearing upon the nature and extent of plaintiff's injuries, indicates very clearly that the jury were not influenced by the remarks to the prejudice of the defendant. The injuries shown to have been sustained by the plaintiff were of such a serious nature as warranted the conclusion that plaintiff had suffered damages by reason thereof at least in the amount awarded by the verdict of the jury. Therefore the verdict not being excessive, and there being nothing in the record to indicate that the remarks of counsel influenced the jury to the injury of the defendant, the objectionable statements of counsel for the plaintiff in his argument do not furnish sufficient ground for a reversal of the case.

The fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, and twentieth assignments of error complain of the court's refusal to give certain special charges requested by defendant. A careful consideration of these charges, in the light of the evidence and in connection with the court's general charge, has led us to the conclusion that no material error, if any, was committed by their refusal. We are of opinion that in so far as correct and applicable or called for by the evidence said special charges were sufficiently covered by the court's main charge. The issues of contributory negligence sought to be submitted in special charge No. 7 was not in our opinion raised by the evidence.

Believing none of the assignments of error point out reversible error, the judgment of the court below is affirmed.