**TENNESSEE GAS TRANSMISSION COMPANY, Appellant,**

v.

**James Lawrence WOOD et al., Appellees.**

**No. 13558.**

Court of Civil Appeals of Texas.

San Antonio.

Feb. 3, 1960.

other tract, containing about 6,600 acres, belonging to James Lawrence Wood as life tenant and to several other persons as remaindermen. Commissioners were appointed and an award made, from which the landowners appealed to the County Court of Refugio County. Based upon the verdict of the jury, judgment was rendered in the County Court decreeing a recovery in favor of James Lawrence Wood and wife, Lenora Wood, in the sum of $345.96, with reference to the 137.92-acre tract, and a recovery in favor of James Lawrence Wood and the remaindermen in the sum of $6,938.75, with reference to the 6,600-acre tract, from which judgment Tennessee Gas Transmission Company has prosecuted this appeal.

Appellant contends that the trial court erred in admitting the testimony of James Lawrence Wood, Durward Boenig, and C. H. French, as to the "value of the lands before and after the taking of the easement" by appellant, and in overruling appellant's objection to such testimony; the objection being that the witnesses were not properly qualified as experts, and that the testimony did not relate to the proper measure of damages.

Appellant does not complain as to the sums awarded to appellees for the land taken by the fifty-foot pipe line right-of-way, but does complain of the amount allowed as damages to the land remaining after the taking of the easement.

The witness James Lawrence Wood, over appellant's objection as above stated, was permitted to testify that he had an opinion as to the "value" of the Lambert Ranch (appellees' land was known as the Lambert Ranch), that he was familiar with the traditional way of valuing land, and that he was familiar with the easement involved. He further testified that he was familiar with land values in Refugio County, and was familiar with the value of lands in the neighborhood of the Lambert Ranch. He gave as his opinion, that the entire ranch was of the value of $200 per acre

Stofer, Houchins, Anderson & Smith, Victoria, Baker, Botts, Andrews & Shepherd, Houston, for appellant.

Bond Davis, Boyle, Wheeler, Gresham, Davis & Gregory, San Antonio, for appellees.

MURRAY, Chief Justice.

Tennessee Gas Transmission Company instituted this proceeding by filing with the County Judge of Refugio County, Texas, its petition for condemnation of a natural gas pipe line right-of-way across two tracts of land in that county, one tract, containing 137.92 acres, belonging to James Lawrence Wood and wife, Lenora Wood, and the

before the taking of the easement, and only $190 per acre after the taking. He was not asked any questions as to the "market value" of the ranch, and he never testified to the "market value" of the ranch, either before or after the taking. He further testified that the fifty-foot strip on the 137.92 acres had a "value", or was worth $220 to $225 per acre before the taking, and $10 to $20 per acre thereafter; that the fifty-foot strip on the 6,600 acres had a value or was worth $200 per acre before the taking, and $15 to $20 per acre thereafter. He also testified that "the easement is worth that much to me."

Over appellant's objection, the witness Durward Boenig was permitted to testify that he had an opinion as to the "value" of the lands in the area of the Lambert Ranch on October 2, 1956, and that the entire ranch had a "value" or was "worth" $200 an acre before the taking of the easement, and $185 to $190 an acre after the taking, and that the entire fifty-foot strip in the easement was worth $200 an acre before the taking, and $15 an acre thereafter.

The witness C. H. French was permitted to testify over appellant's objection, in replying to the question: "Have you an opinion as to what the value of that land was in October, 1956, before that easement was put through there?" that, "I know what I'd give for it if I could buy it."

 These three were the only witnesses offered by appellees as to the "value" of the land involved. They were never asked if they knew the "market value," nor what their opinion was with reference to such "market value." The record shows that the land did have a market value. In State v. Carpenter, Tex.Com.App., 126 Tex. 604, 89 S.W.2d 194, 979, the rule was laid down, and has never been varied from, that the damages suffered by a landowner for the taking of an easement across his property is the difference between the "market value" of the land before the taking, and the "market value" of the land

after the taking; and as to the remainder of the tract, the measure of damages is the difference between the "market value" of such land before the taking of the easement and the "market value" of the land after the taking of the easement. If the land has no market value, then its intrinsic value before and after the taking may be established. Here the land did have a market value. We cannot presume that when these witnesses were talking about the "value" of the land or what it was worth to them, or what they would be willing to pay for it, they were talking about the market value of the land. The trial court erred in permitting these witnesses to testify as to what the land was worth, or what its "value" was, without a clear showing that they were testifying concerning the "market value" of the land.

The judgment of the trial court will be reversed and the cause remanded for a new trial.