**Dolores HAYES et vir, Appellants,**

v.

**HOME INDEMNITY COMPANY, Appellee.**

No. 13881.

Court of Civil Appeals of Texas.

Houston.

Feb. 22, 1962.

Rehearing Denied March 15, 1962.

George Donalson, Jerome Pope, Ralph Chambers, Houston, for appellants.

Butler, Binion, Rice & Cook, W. N. Blanton, Jr., Houston, for appellee.

BELL, Chief Justice.

Appellant sought recovery of workmen's compensation because of an injury she received to her back while working for Vector Manufacturing Company. On trial a jury awarded her compensation for 8 weeks, the period of time it found her to be totally incapacitated. The jury found there was no partial disability. The jury also found that a prior compensable injury contributed 50% to the temporary total incapacity which it had found. The court rendered judgment that appellant take nothing because it was established that appellee had already paid appellant the full compensation for 8 weeks total disability.

Appellant complains of the submission of issues inquiring as to whether she had suffered a prior compensable injury which contributed to the disability for which she sought compensation. Too, there was an issue as to whether her disability, if any, after July 18, 1959 was caused solely by the previous compensable injury. The complaints are that there was no evidence to support submission; the answers of the jury finding favorably to appellee were so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong; and that the mere submission of the issues amounted to a comment on the weight of the evidence.

We hold, viewing the evidence most favorably in support of the issues, that there was evidence of probative force supporting them. Viewing the jury's answers to these issues in the light of all of the evidence, we hold such answers not to be so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong.

Further, the answers become immaterial because the jury found appellant suffered only temporary total disability of 8 weeks. The appellee had paid full compensation

for this period of time and there was no recovery or effort to recover by appellee of any amount it had paid. Appellant received the full amount she was entitled to under the jury finding of 8 weeks total disability. The effect of the court's judgment was to disregard the jury's answers to the issues complained of.

■ Neither do we think the submission of the issues constituted a comment on the weight of the evidence.

Appellant next contends the trial court erred in overruling her motion for new trial based on misconduct on the part of the bailiff in charge of the jury. She asserts that the jury asked for the deposition of her witness, Dr. Klingman, and the bailiff told the jury it was not in evidence. It was not in evidence though parts of it had been read in evidence.

■ We cannot appraise this complaint because there is no bill of exception. There is nothing in the record before us that shows what occurred. There is merely the appellant's motion for new trial to which is attached an alleged photostatic copy of a deposition by the bailiff. This does not suffice. Appellant urges the alleged error is fundamental and we should notice it. Even if it were fundamental error, which we do not think it is, we could not consider the asserted error because if fundamental in character it must be apparent on the face of the record. No error is shown by the properly authenticated record.

Appellant's final complaint is of the court's admission in evidence of a copy of a report of a doctor witness for appellee that had been sent to the Industrial Accident Board. The theory of appellant on appeal is that it was hearsay. She contends it was harmful particularly because the jury had this report with them in the jury room and the jury had been told by the bailiff that Dr. Klingman's deposition was not in evidence. The narrative report was that of Dr. Henry.

The report was admitted after appellant's husband had testified that Dr. Henry had told him after the myelogram was run that appellant had a herniated disc. Too, appellant then introduced a drawing she said Dr. Henry made for her husband showing a herniated disc. The narrative report showed only a recurrent back sprain. Dr. Henry at this stage had not testified. He did later testify without objection and his testimony was in substance the same as his narrative report.

■ The appellant merely objected to the admission in evidence of the report. Counsel gave no ground for his objection. A general objection that the narrative report is inadmissible does not suffice to preserve any error. McCormick and Ray, Texas Law of Evidence, §§ 22 and 24.

■ We are of the view that over proper objection it would not have been admissible when offered. However, the evidence developed so that it would have been properly admitted later on. Dr. Henry became a witness who testified appellant only had a recurrent back sprain. It would have been permissible for appellant to impeach him by her husband's testimony that Dr. Henry had told him she had a herniated disc. When the witness had thus been impeached, he could be bolstered by showing a previous statement consistent with his testimony. The evidence, as the case finally ended, was properly before the court. It just didn't get there by the correct procedure.

The judgment of the trial court is affirmed.