Arthur W. MUELLER et al., Appellants,

v.

CENTRAL POWER & LIGHT COMPANY,
Appellee.

No. 211.

Court of Civil Appeals of Texas.

Corpus Christi.

May 26, 1966.

Harry F. Maddin, of Cullen, Mallette, Maddin, Edwards & Williams, Victoria, for appellants.

H. K. Howard, Corpus Christi, for appellee.

## OPINION

NYE, Justice.

This is a condemnation case in which the plaintiff Central Power & Light Company sought to condemn an easement of right-of-way for the purpose of erecting an electric transmission line across the land of the defendants. From an award of the special commissioners, appeal was perfected to the County Court of Calhoun County. The parties stipulated to all the jurisdictional matters, and then proceeded to trial on the sole issue of damages.

The damage issues were submitted to the jury in the substantial form following those approved in State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194. After judgment was rendered on the jury verdict, the landowners filed a motion for new trial asserting a number of errors. However, on appeal to this court they elected to waive all errors set forth in their motion for new trial, excepting one point. Appellants' only point pertains to the introduction into evidence of an easement grant which showed the consideration paid by Central Power & Light Company to the appellant landowners for a previous negotiated easement of right-of-way across appellants' property.

Central Power & Light Company in its petition for condemnation of the subject easement of right-of-way, contended that it owned and held an easement for an electric transmission line now located upon appellants' property (the previous easement grant); that in connection with the construction of this additional electrical transmission line, it would be necessary to construct an extension to the existing line and to relocate a section thereof to a new location.

During the course of the trial, the appellant landowners were the first to go into this previous easement grant. Questions to appellant by appellants' attorney:

"Q  Let me ask you whether or not you are familiar with the fact that prior to August 2nd, 1962, there was a utility line already on your property.

A  Prior to August, 1962, yes, sir, I am.

Q  Were you one of the parties to granting that easement?

A  I was

Q  And—

A  I negotiated it with Mr. Reuman from the Central Power & Light Company

Q  And what was the date of that easement?

A  * * *  it is dated October 15, 1953."

*    *    *    *    *    *

"MR. MALLETTE: (appellants' attorney) I want him to read some excerpts,

do you want me to go get the Deed Records at noon, and have him read from the original? Or will you accept a copy, or if you have one in your file, I will read yours (to Mr. Howard)?

MR. HOWARD: (appellee's attorney) Your Honor, I do not know what the purpose of this is, going into a voluntary deal back in 1951.

JUDGE: What is the purpose of this?"

The record shows that at this point there was a recess for lunch. Then immediately following this recess the following statement by appellee's attorney appeared in the record.

"MR. HOWARD: In order to speed things up, we will agree to admit all the easement grant, the 1953 easement grant that was executed in favor of Central Power & Light Company by Arthur W. Mueller." (the appellant)

Thereafter excerpts of this easement agreement favorable to the appellant landowners were read to the jury by their attorney. The attorney for the appellee company then cross-examined the appellant concerning this same instrument.

Appellant answered "* * * It appears to be the same instrument from which I read a minute ago, recorded in Volume 90, pages 329–333.

"MR. HOWARD: (Appellee's attorney) We offer this in evidence.

MR. MALLETTE: (appellants' attorney) We object.

JUDGE: It will be admitted."

The above objection forms the basis of the appellant landowners' appeal.

Appellants argue that this above instrument admitted into evidence over their objection, was a right-of-way grant given some eight years before this case, and it covered a similar easement showing therein that the consideration paid was only $1500.-00. Appellants argue that it is therefore obvious that the admission into evidence of the consideration paid by the same condemnor, the appellee herein, to the same condemnees, the appellants here, on the same property for a similar easement more than eight years prior to the taking in the instant case, was calculated to cause and did prejudice the appellants herein, thereby preventing them from having a fair determination of their damages by the jury. Appellants argue that the great weight of authority in Texas stands to the proposition that sales made under threat of condemnation are not admissible in condemnation proceedings because they are not voluntary and cannot and do not reflect accurately the market value of the property in question. Citing Phelps v. State, 157 S.W.2d 955, Tex.Civ.App.1942, n. w. h.; City of Dallas v. Malloy, 214 S.W.2d 154, Tex.Civ.App. 1948, err. dism.; Robards v. State, 285 S.W. 2d 247, Tex.Civ.App.1955, ref. n. r. e. The record here is silent as to any threat of condemnation concerning this previous easement grant. As will be shown hereafter, this sale had no effect on the value of the property as found by the jury that would prejudice the appellants.

Appellants further argue that since this previous easement grant covered 4.1 acres of ground, then by mathematical computation based on the consideration paid by Central Power & Light Co. of $1500.00, it would show that the price per acre would only be $365.85. Appellants' expert witness testified that the value was $750.00 per acre. Therefore, appellants say, that it is obvious that they were harmed by permitting this evidence to let in. This contention is without merit. First of all the purported objectionable easement grant does not state the amount of acreage involved therein. It was a metes and bounds description and only the parties knew the total acreage involved. Next the easement grant stated that it allotted a consideration of only $210.00 for the easement taken with the balance of $1290.00 paid as special damages. That would only be approximately $50.00 per acre. Appellee's expert witnesses

testified that the reasonable market value of the property ranged generally from $150.00 to $397.00 per acre and with one comparable sale being higher than $400.00 per acre. Yet the jury's answers to appellants' damages were based upon a figure of $400.00 per acre. Appellants even concede in their brief that there was sufficient evidence in the record to justify the jury making the smaller award (i. e. $400.00 per acre as compared to their appraisal witness's figures of $750.00 per acre).

■ Error, if any, of the trial court in permitting the introduction of inadmissible evidence, does not require reversal where a study of the entire record reveals admissible testimony of like import is sufficient to sustain the verdict. St. Louis Southwestern Ry. Co. of Texas v. Smith, Tex.Civ.App., 153 S.W. 391, n. w. h.; Perez v. San Antonio Transit Company, Tex. Civ.App., 342 S.W.2d 802, wr. ref.; Slayden v. Palmo, 108 Tex. 413, 194 S.W. 1103, 1104; Urban Renewal Agency of City of Lubbock v. Trammel, Tex.Civ.App., 399 S.W. 2d 852 (1966).

■ The courts have uniformly refused to reverse the trial court's judgment based on a jury verdict, amply supported by competent evidence, on the basis of alleged error in admitting evidence over a general objection. Citing Crom v. County of Cameron, 310 S.W.2d 664, Tex.Civ.App., 1958; Hayes v. Home Indemnity Company, 354 S.W.2d 600, Tex.Civ.App.1962, wr. ref., n. r. e.; Marsh v. State, 276 S.W.2d 852, Tex.Civ.App.1955; Brown & Root v. Haddad, 142 Tex. 624, 180 S.W.2d 339, (Supreme Court 1944).

■ The courts do not look with favor on the practice of a "general objection". Objections must state clearly and specifically the grounds of the objection. The purpose: (1) it enables the judge to understand the precise question before him and to make an intelligent ruling; and (2) it affords the offering party an opportunity to remedy the defect and reoffer it if possible. Normally, the objecting party will not be permitted to complain of the ruling of the trial court on appeal where a simple general objection was made unless: (1) the ground of excluding the evidence was obvious to the judge and opposing counsel, and the failure to specify the reasons for the objections would not be fatal, and (2) where it clearly appears on the face of the evidence, that such evidence is not admissible for any purpose. See McCormick & Ray, 1 Tex.Prac., §§ 24 and 25, pp. 22–25.

■ As the record indicates the purported harmful evidence was introduced and portions offered by the appellant himself. The record also shows that appellee offered the entire easement grant at one point without objection or ruling. Later, the instrument in its entirety was again offered by appellee. Appellant should not be permitted to complain on appeal, where his objection was general, and where he had, by offering a portion of the instrument, invited the introduction and admission of the entire instrument. Fireman's Fund Indemnity Co. v. Boyle Gen. Tire Co., 381 S.W. 2d 937, Tex.Civ.App.1964; City of Houston v. Howe & Wise, 323 S.W.2d 134, Tex.Civ. App.1959, wr. ref., n. r. e.

■ The great weight of authority in cases similar to this in Texas requires that appellants not only show that the admission of such objectionable evidence was error but that such error constituted such a denial of the rights of the complaining party as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Rule 434, Texas Rules of Civil Procedure. At one point in the record the appellee stated that the purpose for offering the objectionable portion of the easement grant was for impeachment purposes. The record filed in this court was only a partial transcript of the statement of facts and therefore we must presume that in absence of a complete statement of facts that the instrument was offered for such purpose and therefore the judgment of the trial court is correct. Rule

434, and 503, T.R.C.P. in Dennis v. Hulse, 362 S.W.2d 308, (Supreme Court 1962) and cases cited therein.

Justice Calvert, writing for the Supreme Court in Condra Funeral Home v. Rollin, 158 Tex. 478, 314 S.W.2d 277 said:

" * * * we have held with respect to many and various types of errors that a reversal may be ordered only when a review of 'the whole record' convinces the reviewing court that but for the error a different verdict or judgment would *probably* have been rendered."

We do not find such an error. Texas Power & Light Co. v. Hering, 148 Tex. 350, 224 S.W.2d 191; City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860; Dallas Ry. & Term. Co. v. Bailey, 151 Tex. 359, 250 S.W. 2d 379; Aultman v. Dallas Ry. & Term. Co., 152 Tex. 509, 260 S.W.2d 596; Lumbermen's Lloyds v. Loper, 153 Tex. 404, 269 S.W.2d 367.

The judgment of the trial court is affirmed.