**CITY OF AMARILLO, Texas, Appellant,**

v.

**Horace S. BETTS, Appellee.**

**No. 360.**

Court of Civil Appeals of Texas.

Tyler.

June 20, 1968.

C. J. Taylor, Jr., City Atty., Howard W. Perdue, Asst. City Atty., Amarillo, for appellant.

Lockhart, Lindsey & Neal, E. H. Lindsey, Amarillo, for appellee.

DUNAGAN, Chief Justice.

This suit was instituted by the appellee, Horace S. Betts, against appellant, City of Amarillo, for damages for the partial demolition of a building. The City Commission of Amarillo had found the building to be a nuisance and ordered it demolished under the ordinances of the city. The case was submitted to the jury on Special Issues and in response of the jury thereto, the court entered judgment for appellee. From this judgment appellant duly perfected its appeal.

Upon the trial of the case the jury, in response to Special Issue No. 1, found the building to be a nuisance. Also, in response to Special Issues Nos. 4 and 5, the jury found the market value of the lot and building thereon in question, immediately prior to the beginning of the demolition, to be $2,500.00 and immediately after the demolition by the city ceased, to be $700.00. Based upon the jury's findings, the court rendered judgment for the appellee in the sum of $1,800.00.

Appellant under its first five points of error asserts that the trial court used an incorrect measure of damages in submitting Special Issues Nos. 4 and 5. It insists that since the jury found the building to be a nuisance, the correct measure of damages is the reasonable value of the material therefrom after its demolition, less the reasonable costs of the abatement of the nuisance, citing as its authority, City of Texarkana v. Reagan, 112 Tex. 317, 247 S.W. 816 (1923).

■ Appellant made no objection to the court's charge to the jury on the ground it urges here or any other ground. In failing to make such objection to the charge, appellant has waived any objection to the court's charge on the ground of a wrong or incorrect measure of damages. The points of error now urged that the court's charge permitted the jury to find damages based on an incorrect measure may not be sustained and must be overruled. Howell v.

Bowden, 368 S.W.2d 842 (Tex.Civ.App., 1963, Dallas, writ ref., n. r. e.); Hamilton v. Fant, 422 S.W.2d 495 (Tex.Civ.App., 1967, Austin, n. w. h.); Rule 274, Texas Rules of Civil Procedure.

Appellant in its Points 6 through 8 complains of the trial court's action in permitting appellee Betts to testify over its timely objection to the market value of his property before and after the partial destruction thereof because the witness was not shown to be qualified to give an opinion on such values. These points of error are sustained.

The only witness called to testify for appellee upon the trial of this case was the appellee himself, who, since 1944, has resided in Adrian, Texas, about 15 miles west of Amarillo. Over appellant's objection, the appellee was permitted to testify that when he saw the property in August of 1966, with repairs of $400.00 or $500.00, he thought it was worth $6,000.00. When he next saw the property on December 20, 1966, its value was $1,200.00. The demolition began on December 19, 1966, and ceased on the following day at the request of appellee. It was never shown that appellee had an opinion as to the market value of his property. He was never qualified in any manner on the question of market value and no predicate was offered to show that appellee had any knowledge of the market value of the property in Amarillo, Texas. The witness was never asked the market value of this property. This testimony was not sufficient to show the market value of the property at the times in question. The record shows that the property did have a market value.

■ We presume that when this witness was talking about the value of the property or what it was worth, he was talking about market value. The trial court erred in permitting this witness, over appellant's timely objection, to testify as to what the property was worth, or what its value was, without a clear showing that he was testifying concerning the market value of the

property and that he was qualified to give such opinion. Tennessee Gas Transmission Company v. Wood, 331 S.W.2d 808 (Tex. Civ.App., 1960, San Antonio, n. w. h.); Urban Renewal Agency of City of Lubbock v. Trammel, 399 S.W.2d 852 (Tex.Civ.App., 1966, Amarillo, n. w. h.); City of Irving v. Caster, 397 S.W.2d 952 (Tex.Civ.App., Dallas, 1965, n. w. h.); Tennessee Gas & Transmission Co. v. Zirjacks, 244 S.W.2d 837 (Tex.Civ.App., 1951, San Antonio, writ ref.).

The only other testimony to the value of the property came from appellant's witness, Bill Moore, who testified that the market value of the property just before the demolition began was $1,300.00 and immediately thereafter, $1,050.00.

Appellee testified that he had rented the property for $50.00 per month. He further testified upon the trial of this case that the property had not been rented for two years. Appellant's witness, Ross, testified that the property had been vacant for about six years. In answer to a question on cross-examination, appellant's witness, Moore, testified that the average house that rents for $50.00 per month probably would not have a fair market value of much more than $4,000.00. Appellee also relies on this testimony as establishing the market value of the property immediately before the demolition began. In view of the long period of time the property had not been rented, prior to December 19, 1966, the date the demolition began, this would not be any competent evidence of the market value of the property immediately before the demolition began. It is too remote in point of time.

We now turn to appellant's Points of Error 9 and 10 wherein it asserts that there is no evidence, or any probative evidence, to support the jury's answers to Special Issues Nos. 4 and 5 (the value issues). With this contention we agree.

Since we have held that appellee Betts was not shown to be qualified to testify as to market value, and that his testimony as to value should have been excluded, then the only admissible testimony before the jury as to the market value of the property in question at the time inquired about was that of Bill Moore, a real estate appraiser, whose testimony in this respect is above set out. With the exclusion of appellee's value testimony, an examination of the record establishes that the jury's answers to Special Issues 4 and 5 are without support in the evidence as they are outside the range of the probative testimony. City of Irving v. Caster, supra; State of Texas v. Spears, 374 S.W.2d 250 (Tex. Civ.App. 1963, Beaumont, n. w. h.); City of Houston v. Ready, 370 S.W.2d 210 (Tex. Civ.App., 1963, Houston, n. w. h.); State of Texas v. Vick, 376 S.W.2d 89 (Tex.Civ. App., 1964, Houston, n. w. h.).

We have considered appellant's remaining points of error and find them to be without merit. They are overruled.

For the foregoing reasons, the judgment of the trial court is reversed and remanded for further proceedings.